# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HAIHUA YAO & MING, Individually and as Personal Representatives of the Estate of Riuzhe Yao.

**DEFENDANTS**
Brick Bodies Padonia, LLC
American Pool, LLC

(b) County of Residence of First Listed Plaintiff: **China**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Baltimore County, MD**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Adam R. Leighton, Cohen and Cohen PC,
1220 19th St NW # 500 Washington, DC 20036 - 202-955-4529

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**28 USC 1332(a)**
Brief description of cause:
**Wrongful Death, Personal Injury**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 07/29/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| **HAIHUA YAO,** Individually and as Personal Representative of the Estate of **Ruizhe Yao** Dongan Road 50 Lane 12, Rm 2505 Xuhui District, Shanghai, China 20032<br><br>and<br><br>**MING MA,** Individually and as Personal Representative of the Estate of **Ruizhe Yao** Dongan Road 50 Lane 12, Rm 2505 Xuhui District, Shanghai, China 20032<br><br>    Plaintiffs,<br><br>v.<br><br>**BRICK BODIES PADONIA, LLC** 2430 Broad Avenue Timonium, MD 21093<br><br>Serve: Jay L. Lenrow 7 Saint Paul Street, Suite 600 Baltimore, MD 21202<br><br>and<br><br>**AMERICAN POOL, LLC** 11515 Cronridge Drive, Suite Q Owings Mills, MD 21117<br><br>Serve: CSC Lawyers Incorporating Service 7 Saint Paul Street, Suite 820 Baltimore, MD 21202<br><br>    Defendants. | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COME NOW** the Plaintiffs, Haihua Yao and Ming Ma, Individually and as Personal Representatives of the Estate of Ruizhe Yao, by and through counsel, and hereby bring this Complaint for damages against the Defendants, and aver the following:

## PARTIES AND JURISDICTION

1. Plaintiff Haihua Yao is an adult resident of China who resides at the above-listed address. Plaintiff Yao is the surviving father of decedent Ruizhe Yao and co-personal Representative of the Estate of Ruizhe Yao.

2. Plaintiff Ming Ma is an adult resident of China who resides at the above-listed address. Plaintiff Ma is the surviving mother of decedent Ruizhe Yao and co-personal Representative of the Estate of Ruizhe Yao.

3. Defendant Brick Bodies Padonia, LLC (hereinafter "Brick Bodies") is a Maryland limited liability company with its principal place of business at the above-listed address.

4. Defendant American Pool, LLC (hereinafter "American Pool") is a Maryland limited liability company with its principal place of business at the above-listed address.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a foreign state and businesses with their principal place of business at the above-listed addresses. Upon reasonable belief, neither of Defendants' shareholders are citizens of China.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to this action occurred in this District.

**FACTUAL ALLEGATIONS**

7. Plaintiffs Haihua Yao and Ming Ma are personal representatives of the Estate of Ruizhe Yao, who died from a drowning incident that occurred on December 2, 2018 at one of the swimming pools at the gym located at 2430 Broad Avenue in Timonium, Maryland owned and operated by Defendant Brick Bodies.

8. At all times relevant hereto, the swimming pool located at 2430 Broad Avenue in Timonium, Maryland was owned, governed, controlled and/or operated by Defendant Brick Bodies.

9. On or before December 2, 2018, Defendant Brick Bodies was responsible for hiring, supervising, and training lifeguards to supervise the swimming at the swimming pools located at 2430 Broad Avenue in Timonium, Maryland.

10. In addition or in the alternative, on or before December 2, 2018, Defendant American Pool was responsible for hiring, supervising, and training lifeguards to ensure the safety of persons swimming at the swimming pools located at 2430 Broad Avenue in Timonium, Maryland.

11. At all times relevant hereto, the aforementioned lifeguards were acting within the scope of their employment, agency and/or apparent agency with Defendant Brick Bodies.

12. In addition or in the alternative, at all times relevant hereto, the aforementioned lifeguards were acting within the scope of their employment and/or agency with Defendant American Pool.

13. On December 2, 2018, Ruizhe Yao was swimming at a swimming pool located at 2430 Broad Avenue in Timonium, Maryland when he dropped below the water's surface.

14. On December 2, 2018, the lifeguards on duty at the swimming pool located at 2430 Broad Avenue in Timonium, Maryland did not react to Ruizhe Yao's plight in time to save his life.

15. The death of Ruizhe Yao is the direct and proximate result of the negligent acts and/or omissions of Defendant Brick Bodies and/or Defendant American Pool without any contributory negligence on the part of Ruizhe Yao.

## CAUSES OF ACTION

### Count I – Negligence *Respondeat Superior* – Survival Action

16. Plaintiffs incorporate and reallege all preceding paragraphs of this Complaint.

17. Plaintiffs Haihua Yao and Ming Ma are the Personal Representatives of the Estate of Ruizhe Yao and bring this survival action for the benefit of the Estate of the Decedent.

18. At all times relevant hereto, Defendant Brick Bodies, by and through its lifeguards who are its employees, agents, apparent agents and/or servants of Defendant Brick Bodies, was responsible for ensuring the safety of persons swimming at the swimming pool located at 2430 Broad Avenue in Timonium, Maryland, which it breached.

19. At all times relevant hereto, Defendant Brick Bodies represented to Riuzhe Yao and other invitees that its lifeguards were its employees, which Plaintiff relied upon. Therefore, the lifeguards, even if directly employed by a different entity, were the apparent agents of Defendant Brick Bodies for purposes of the aforementioned duty, which it breached.

20. In addition or in the alternative, Defendant American Pool, by and through its lifeguards who are employees, agents, and/or servants of Defendant American Pool, was responsible for ensuring the safety of persons swimming at the swimming pool located at 2430 Broad Avenue in Timonium, Maryland, which it breached.

21. Defendant Brick Bodies' and/or Defendant American Pool's breaches of the aforementioned duty include but are not limited to the following: failing to supervise persons swimming at the swimming pool, failing to properly monitor, failing to properly staff the pool, failing to properly supervise Ruizhe Yao, failing to react in a timely manner to a drowning incident, failing to initiate life saving procedures in a timely manner, and otherwise failing to act with reasonable care.

22. As a direct and proximate result of the breaches of Defendant Brick Bodies and/or Defendant American Pool, Ruizhe Yao died.

23. As a further direct and proximate result of the breaches of Defendant Brick Bodies and/or Defendant American Pool, Plaintiffs and Riuzhe Yao were caused to suffer past, present, and future damages in excess of $75,000, including but not limited to expenses for medical treatment, funeral expenses, physical pain and suffering, emotional pain and suffering, and mental fright and anguish.

## Count II – Negligent Hiring & Retention – Survival Action

24. Plaintiffs incorporate and reallege all preceding paragraphs of this Complaint.

25. At all times relevant hereto, Defendant Brick Bodies had a duty to ensure that lifeguards it hired and/or retained as employees were qualified to react appropriately to a drowning incident, which it breached.

26. In addition or in the alternative, at all times relevant hereto, Defendant Brick Bodies had a duty to ensure that lifeguards it hired and/or retained as employees were qualified to react appropriately to a drowning incident, which it breached.

27. Defendant Brick Bodies' and/or Defendant American Pool's breaches of the aforementioned duty include but are not limited to the following: failing to ensure its lifeguards

were qualified to respond to drowning incidents, failing to provide appropriate training and supervision for lifeguards it hired, and otherwise failing to act with reasonable care under the circumstances.

28. As a direct and proximate result of the breaches of Defendant Brick Bodies and/or Defendant American Pool, Ruizhe Yao died.

29. As a further direct and proximate result of the breaches of Defendant Brick Bodies and/or Defendant American Pool, Plaintiffs and Riuzhe Yao were caused to suffer past, present, and future damages in excess of $75,000, including but not limited to expenses for medical treatment, funeral expenses, physical pain and suffering, emotional pain and suffering, and mental fright and anguish.

## Count III – Negligent Training & Supervision – Survival Action

30. Plaintiffs incorporate and reallege all preceding paragraphs of this Complaint.

31. At all times relevant hereto, Defendant Brick Bodies had a duty to train and/or supervise lifeguards it hired and/or retained as employees to ensure the safety of persons swimming at the swimming pool located at 2430 Broad Avenue in Timonium, Maryland, which it breached.

32. In addition or in the alternative, at all relevant times hereto, Defendant American Pool had a duty to train and/or supervise lifeguards it hired and/or retained as employees to ensure the safety of persons swimming at the swimming pool located at 2430 Broad Avenue in Timonium, Maryland, which it breached.

33. Defendant Brick Bodies' and/or Defendant American Pool's breaches of the aforementioned duty to train and supervise include but are not limited to: failing to supervise lifeguards on duty to ensure they remained attentive to persons in the pool, failing to train

lifeguards to react appropriately to drowning incidents, and otherwise failing to exercise ordinary care under the circumstances .

34. As a direct and proximate result of the breaches of Defendant Brick Bodies and/or Defendant American Pool, Ruizhe Yao died.

35. As a further direct and proximate result of the breaches of Defendant Brick Bodies and/or Defendant American Pool, Plaintiffs and Riuzhe Yao were caused to suffer past, present, and future damages in excess of $75,000, including but not limited to expenses for medical treatment, funeral expenses, physical pain and suffering, emotional pain and suffering, and mental fright and anguish.

### Count IV – Negligence *Respondeat Superior* – Wrongful Death Action

36. Plaintiffs incorporate and reallege all preceding paragraphs of this Complaint.

37. Plaintiffs Haihua Yao and Ming Ma are the Personal Representatives of the Estate of Ruizhe Yao and bring this wrongful death action on behalf of the Estate.

38. At all times relevant hereto, Defendant Brick Bodies, by and through its lifeguards who are its employees, agents, apparent agents and/or servants of Defendant Brick Bodies, was responsible for ensuring the safety of persons swimming at the swimming pool located at 2430 Broad Avenue in Timonium, Maryland, which it breached.

39. At all times relevant hereto, Defendant Brick Bodies represented to Riuzhe Yao and other invitees that its lifeguards were its employees, which Plaintiff relied upon. Therefore, the lifeguards, even if directly employed by a different entity, were the apparent agents of Defendant Brick Bodies for purposes of the aforementioned duty, which it breached.

40. In addition or in the alternative, Defendant American Pool, by and through its

lifeguards who are employees, agents, and/or servants of Defendant American Pool, was responsible for ensuring the safety of persons swimming at the swimming pool located at 2430 Broad Avenue in Timonium, Maryland, which it breached.

41. Defendant Brick Bodies' and/or Defendant American Pool's breaches of the aforementioned duty include but are not limited to the following: failing to supervise persons swimming at the swimming pool, failing to properly monitor, failing to properly staff the pool, failing to properly supervise Ruizhe Yao, failing to react in a timely manner to a drowning incident, failing to initiate lifesaving procedures in a timely manner, and otherwise failing to act with reasonable care. As a direct and proximate result of the breaches of Defendant Brick Bodies and/or Defendant American Pool, Ruizhe Yao died.

42. As a further direct and proximate result of the breaches of Defendant Brick Bodies and/or Defendant American Pool, Plaintiffs were caused to suffer past, present, and future damages in excess of $75,000, including but not limited to funeral expenses, medical expenses, loss of services, loss of society, companionship, comfort, protection, care, attention, advice, counsel, guidance, loss of future earnings, grief, mental anguish, and emotional pain and suffering.

### Count V – Negligent Hiring & Retention – Wrongful Death Action

43. Plaintiffs incorporate and reallege all preceding paragraphs of this Complaint.

44. At all times relevant hereto, Defendant Brick Bodies had a duty to ensure that lifeguards it hired and/or retained as employees were qualified to react appropriately to a drowning incident, which it breached.

45. In addition or in the alternative, at all times relevant hereto, Defendant Brick Bodies had a duty to ensure that lifeguards it hired and/or retained as employees were qualified to react appropriately to a drowning incident, which it breached.

8

46. Defendant Brick Bodies' and/or Defendant American Pool's breaches of the aforementioned duty include but are not limited to the following: failing to ensure its lifeguards were qualified to respond to drowning incidents, failing to provide appropriate training and supervision for lifeguards it hired, and otherwise failing to act with reasonable care under the circumstances.

47. As a direct and proximate result of the breaches of Defendant Brick Bodies and/or Defendant American Pool, Plaintiffs were caused to suffer past, present, and future damages in excess of $75,000, including but not limited to funeral expenses, medical expenses, loss of services, loss of society, companionship, comfort, protection, care, attention, advice, counsel, guidance, loss of future earnings, grief, mental anguish, and emotional pain and suffering

**Count VI – Negligent Training & Supervision – Wrongful Death Action**

48. Plaintiffs incorporate and reallege all preceding paragraphs of this Complaint.

49. At all times relevant hereto, Defendant Brick Bodies had a duty to train and/or supervise lifeguards it hired and/or retained as employees to ensure the safety of persons swimming at the swimming pool located at 2430 Broad Avenue in Timonium, Maryland, which it breached.

50. In addition or in the alternative, at all relevant times hereto, Defendant American Pool had a duty to train and/or supervise lifeguards it hired and/or retained as employees to ensure the safety of persons swimming at the swimming pool located at 2430 Broad Avenue in Timonium, Maryland, which it breached.

51. Defendant Brick Bodies' and/or Defendant American Pool's breaches of the aforementioned duty to train and supervise include but are not limited to: failing to supervise lifeguards on duty to ensure they remained attentive to persons in the pool, failing to train

lifeguards to react appropriately to drowning incidents, and otherwise failing to exercise ordinary care under the circumstances.

52. As a direct and proximate result of the breaches of Defendant Brick Bodies and/or Defendant American Pool, Plaintiffs were caused to suffer past, present, and future damages in excess of $75,000, including but not limited to funeral expenses, medical expenses, loss of services, loss of society, companionship, comfort, protection, care, attention, advice, counsel, guidance, loss of future earnings, grief, mental anguish, and emotional pain and suffering

**WHEREFORE**, Plaintiffs demand judgment of and against all Defendants, jointly and severally, for compensatory damages in excess of $75,000.00, fees and costs, as well as such further and additional relief as the nature of this case may require and which this Honorable Court deems just and proper.

**DATED: July 29, 2019**  **RESPECTFULLY SUBMITTED,**

*/s/Adam R. Leighton*
Adam R. Leighton, Esq. (#17097)
Brian Rosenberg, Esq. (#18902)
1220 19th Street, NW, Ste. 500
Washington, DC 20036
(202) 955-4529
arl@cohenandcohen.net
*Attorneys for Plaintiffs*

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all issues so triable.

**DATED: July 29, 2019**                                    **RESPECTFULLY SUBMITTED,**

*/s/Adam R. Leighton*
Adam R. Leighton, Esq. (#17097)
Brian Rosenberg, Esq. (#18902)
1220 19th Street, NW, Ste. 500
Washington, DC 20036
(202) 955-4529
arl@cohenandcohen.net
*Attorneys for Plaintiffs*